IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM OMAR MEDINA | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | NO. 16-6404 |
| v. | : | |
| | : | |
| LAURA KUYKENDALL, | : | |
| *et al.* | : | |

KEARNEY, J.                                                                                      June 27, 2017

**<u>MEMORANDUM</u>**

A prisoner suing wardens for alleged harm caused during a transfer between their two facilities under the First and Eighth Amendments must specify each warden's conduct causing him specific harm and plead the elements of each claim involving the warden. Otherwise, we enter the accompanying Order granting the wardens' motion to dismiss. As the prisoner is proceeding *pro se* and the wardens could possibly have personal involvement with the required elements of a civil rights claim under the First or Eighth Amendments, we grant him leave to file an amended complaint consistent with this Memorandum within sixty (60) days.

**I.      Alleged facts.**

Inmate William Omar Medina *pro se* sues Laura Kuykendall as Warden of Lehigh County Community Corrections Center, and Janine Donate as Warden of Lehigh County Prison, *in forma pauperis* for alleged conduct leading to injuries suffered during a transfer from the Corrections Center to the County Prison.[1] Mr. Medina claims he is a "mental health inmate."[2]

Mr. Medina alleges Ms. Kuykendall, on September 30, 2016, placed him "in a cell with personal clothing[,] sneakers, shoelaces and work belt" awaiting transfer from the Corrections Center, which houses inmates "granted the privilege of work release" back to County Prison.[3]

Ms. Kuykendall kept him in the cell for "several hours" without a "bathroom, water or [surveillance] camera," and he alleges attempting suicide.[4] He generally alleges he did not receive "meds at facility."[5] Ms. Kuykendall also kept his family from giving him rash medication.[6]

Mr. Medina alleges Ms. Donate at the County Prison denied him "religious material" and the "right to take on kosher or halal meals."[7] Mr. Medina also alleges he used the County Prison's grievance procedures and then the Prison issued him an infraction in retaliation for these grievances.[8] Alleging he quit his job due to the prospect of an ongoing need to pray during the early part of the work day, Mr. Medina seemingly concedes, however, the County Prison issued the infraction for quitting his job.[9]

## II. Analysis

Ms. Kuykendall and Ms. Donate move to dismiss Mr. Medina's complaint.[10] While *pro se* pleadings, "must be held to less stringent standards than formal pleadings drafted by lawyers," they must "still allege sufficient facts in their complaints to support a claim."[11] To successfully plead a "basic cause of action" in a § 1983 claim, Mr. Medina must allege facts showing "(1) … the conduct complained of was committed by a person acting under color of state law; and (2) … the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States."[12]

Mr. Medina does not cite a constitutional provision or statute.[13] Alleging Ms. Kuykendall placed him in a cell without a bathroom, water, or a surveillance camera and denied him medication, we liberally construe Mr. Medina's complaint to claim unconstitutional confinement and deprivation of medical care in violation of the Eighth Amendment. Alleging the County Prison denied him religious materials and kosher and halal meals, we liberally construe

2

Mr. Medina to be claiming Ms. Donate violated his First Amendment right to free exercise of religion and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[14]

### A. Mr. Medina fails to plead Ms. Kuykendall violated the Eighth Amendment by unconstitutionally confining him and depriving him of medical care.

To sufficiently plead Ms. Kuykendall violated his Eighth Amendment right to medical care, Mr. Medina "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[15] To sufficiently plead unconstitutional confinement, Mr. Medina must also allege being "denied the minimal civilized measure of life's necessities through prison officials' deliberate indifference to a condition posing a substantial risk of serious harm."[16]

While Mr. Medina alleges Ms. Kuykendall placed him in a cell for several hours and alleges attempting suicide as a "mental health inmate" who did not receive medication, Mr. Medina does not allege Ms. Kuykendall acted with awareness of a "substantial risk of serious harm," nor does he allege Ms. Kuykendall acted with deliberate indifference to such a risk or some serious medical need.[17] In *McCargo v. Camden County Jail*, our court of appeals affirmed dismissal of a *pro se* complaint failing to "allege that anyone involved in the facts of [the] complaint was aware of any 'substantial risk of serious harm' that he experienced during his confinement, let alone acted with 'deliberate indifference' to such conditions."[18] Because Mr. Medina does not allege awareness or deliberate indifference by Ms. Kuykendall, his complaint lacks facial plausibility to support his claim against Ms. Kuykendall of unconstitutional confinement or deprivation of medical care violating the Eighth Amendment.

3

### B. Mr. Medina fails to plead Ms. Donate deprived him of his First Amendment right to practice his religion.

"Liability under § 1983 may not be based solely on the doctrine of *respondeat superior* .... [m]ore particularly, the plaintiff must allege that the defendant was personally involved in the deprivation."[19] Mr. Medina does not list the County Prison as a defendant, and while Mr. Medina sues Ms. Donate, he does not allege facts involving her conduct.[20]

In *Sutton v. Rasheed*, our court of appeals held a *pro se* § 1983 complaint claiming violations of the First Amendment's free exercise clause failed to allege the defendant's personal involvement and affirmed dismissal.[21] In *Sutton*, two inmates sued the commissioner of corrections, among other defendants, alleging deprivation of religious materials.[22] Because the inmates did not allege personal involvement by the commissioner, our court of appeals held the district court "properly dismissed" the inmates' damages claim.[23]

In his Statement of Claim, Mr. Medina alleges the County Prison denied him religious materials and kosher and halal meals but does not allege conduct by Ms. Donate.[24] Because Mr. Medina does not allege conduct by Ms. Donate, he does not state a claim against her under § 1983.

Even if Mr. Medina sues the County Prison, he fails to allege the prison policy or practice substantially burdened his exercise of religion. Our court of appeals instructs, "[t]he threshold question in any First Amendment or RLUIPA [§ 1983] case is whether the prison's challenged policy or practice has substantially burdened the practice of the inmate-plaintiff's religion."[25] Mr. Medina does not claim the alleged denial of religious materials and kosher and halal meals substantially burdened his exercise of religion. Mr. Medina only alleges the denials occurred without alleging specific facts to support a plausible claim of a substantial burden on his exercise of religion.

4

### C. Mr. Medina fails to plead Ms. Donate retaliated against him for exercising his First Amendment right to file a grievance.[26]

Mr. Medina fails to allege Ms. Donate's personal involvement in alleged retaliation. While Mr. Medina alleges "being written up" in retaliation for his grievance proceedings, Mr. Medina does not allege facts indicating Ms. Donate's involvement. Because Mr. Medina does not allege Ms. Donate's involvement, he does not state a claim against her under § 1983.[27]

Even if Mr. Medina alleges Ms. Donate's involvement, he fails to allege his grievance proceedings served as "substantial or motivating factor[s]" leading to retaliation.[28] Our court of appeals directs, to establish a claim of retaliation, a prisoner must allege: "(1) that he was engaged in a constitutionally protected activity; (2) that he suffered some 'adverse action' at the hands of the prison officials; and (3) that the protected activity was a substantial motivating factor in the prison officials' decision to take the adverse action."

Mr. Medina successfully alleges the first two prongs. Grievance proceedings are protected exercises of a prisoner's First Amendment rights.[29] Claiming the County Prison retaliated against him for formally grieving, Mr. Medina satisfies the first prong. Alleging the County Prison issued him an infraction, Mr. Medina also successfully alleges suffering some adverse action.[30] Mr. Medina fails, however, to allege his grievances served as substantial or motivating factors leading to retaliation. Mr. Medina alleges he "quit his job[,] thus causing a write up[,] due to the fact [he] knew [praying before beginning his job] would be a reoccurring issue."[31] Mr. Medina seemingly concedes the County Prison issued the infraction for quitting his job. Assuming the County Prison issued him an infraction for quitting his job, even if Mr. Medina correctly lists the County Prison as a defendant, failing to allege all elements, he fails to state a retaliation claim under § 1983.

5

**D. Because Mr. Medina fails to state a retaliation claim while proceeding *in forma pauperis*, we dismiss the retaliation claim, *sua sponte*, under 28 U.S.C. § 1915.**

Under § 1915, we must "dismiss the case at any time if [we] determine that . . . the action . . . fails to state a claim on which relief may be granted."[32] "[T]he standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions to dismiss."[33]

While Ms. Kuykendall and Ms. Donate do not address Mr. Medina's retaliation claim, because Mr. Medina fails, *in forma pauperis*, to plead a claim, we must dismiss.

### III. Conclusion

In our accompanying order, we grant Defendants' motion to dismiss, but give Mr. Medina leave to amend his complaint consistent with this Memorandum no later than August 28, 2017.

---

[1] *See* Complaint, ECF Doc. No. 3 at V. Statement of Claim; Order, ECF Doc. No. 2.

[2] *See id.*

[3] Affidavit of Laura Kuykendall, ECF Doc. No. 10-2 at ¶2; *see* ECF Doc. No. 3 at V.

[4] *See* ECF Doc. No. 3 at V.

[5] *See* Complaint, ECF Doc. No. 3 at V. Statement of Claim; Order, ECF Doc. No. 2.

[6] *See* ECF Doc. No. 3 at V.

[7] *See id.*

[8] *See* ECF Doc. No. 3 at V. ("I've recently been written up in retaliation to my grievance procedures in a biased manner.").

[9] *See id.* ("I quit the job thus causing a write up due to the fact I knew would be a recurring issue.").

[10] "In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). We grant a motion to dismiss "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Id.*

[11] *See id.* at 146 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

[12] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[13] *See generally* Complaint, ECF Doc. No. 3 at V. Statement of Claim. Our court of appeals instructs: "Our policy of liberally construing *pro se* submissions is driven by the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir.2006)) (internal quotation marks omitted).

[14] *See* 42 U.S.C. § 2000cc-1 ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution.").

[15] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[16] *Freeman v. Miller*, 615 F. App'x. 72, 77–78 (3d Cir. 2015) ("Only extreme deprivations meet this standard.") (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[17] *See* ECF Doc. No. 3 at V.

[18] *McCargo v. Camden County Jail*, No. 17-1387, 2017 WL 2226573 at *1 (3d Cir. May 22, 2017).

[19] *Jones v. Davidson*, 666 F. App'x. 143, 146–47 (3d Cir. 2016) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) and *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[20] *See generally* ECF Doc. No. 3.

[21] *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003).

[22] *See id.* at 244.

[23] *Id.* at 249.

[24] *See* ECF Doc. No. 3 at V.

[25] *Robinson v. Superintendent Houtzdale SCI*, No. 16-3893, 2017 WL 888229 at *3 (3d Cir. Mar. 6, 2017).

[26] Neither party addresses whether Mr. Medina formally grieved the alleged retaliation. Our court of appeals directs, "[f]ailure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." *Small v. Camden County*, 728 F.3d 265, 268 (3d Cir. 2013). Because Ms. Kuyendall and Ms. Donate do not argue Mr. Medina failed to exhaust, we review his claim on the merits.

[27] *See Jones v. Davidson*, 666 F. App'x. 143, 146–47 (3d Cir. 2016) ("[T]he plaintiff must allege that the defendant was personally involved in the deprivation.").

[28] *Id.*

[29] *See id.* (concluding *pro se* plaintiff satisfied first prong of a First Amendment retaliation claim by filing a grievance).

[30] *See* ECF Doc. No. 3 at V.

[31] *See id.*

[32] 28 U.S.C. § 1915(e)(2)(B)(ii)

[33] *Rodenbaugh v. Santiago*, No. 16-2158, 2017 WL 194238 at *9 (E.D. Pa. Jan. 18, 2017) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).